### PEDRO GARCIA V. THE STATE.

No. 22060. Delivered April 8, 1942.
Rehearing Denied June 10, 1942.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault, and by the jury given a penalty of twelve months in the county jail.

The facts produced by the State show an unprovoked attack upon one Soto by means of stabbing him with a knife three times, the doctor testifying that the injuries were severe, and were serious and dangerous; one penetrated the abdomen about three inches deep.

There are but two bills of exceptions in the record.

The charge against appellant, as shown by the indictment, was an assault to murder with malice. The trial court also charged the jury upon an aggravated assault, and also relative to a suspended sentence in the event of a conviction.

Bill of exceptions No. 1 is based upon a statement claimed to have been made by one of the jurors in the discussion of the case in the jury room, in which the question of a suspended sentence was brought up, and one of the jurors, Mr. Taylor, said that one juror was in favor of the suspended sentence; that another juror spoke up and said: "We can't afford to do that because he might go to Oklahoma and do some devilment and get by with that." The juror Taylor answered that "I don't know anything about that; I am not acquainted with the law." This seemed to have ended the discussion. There must be a certain latitude allowed the jury in discussing among themselves the effect of their verdict, when they are asked to suspend

the sentence of one found guilty of an offense by them, and we think such a discussion would naturally be concerned with the future acts of the person under discussion, as well as the effect of the action that they are requested to take in the matter of his punishment. We see nothing to cause us to base a reversal of this case upon in such statement.

Bill of exceptions No. 2 is based upon a further statement of the same juror, Mr. Taylor, in which he said that some juror made the statement that "the Mexican race would take kitchen knives and throw them from childood on up. * * * that the Mexican race carried knives * * * they would learn how to throw them and stick them in some object," the contention of appellant being that this statement showed that such juror was prejudiced against the Mexican race as such.

The statement of facts is rather meager, consisting of but a single page, and the testimony of the injured person, a Mexican so one would infer from his name, is short, and we quote the same in its entirety:

"Sequndo Soto testified that he was in Lupe Moya's place about 7:30 P. M. on the 3rd day of June, 1941, when he was attacked without cause by the defendant Pedro Garcia; that the attack was made with a knife, and he was stabbed three times; that the worst injury was a stab on the left side which he still suffers from and which caused him to have to go to the hospital; that that attack was made without cause after the witness had interceded in behalf of another Mexican boy whom Pedro Garcia was attacking, and who was much smaller than Pedro."

The difficulty is shown to have taken place in Lupe Moya's place, evidently another Mexican, and was based on a previous trouble with one Pedro, evidently another Mexican, and every witness, save the doctor treating the injured person, was of Mexican origin, judging by their names.

The knife used by appellant, according to the testimony, was not thrown but used to stab with; there was no denial that he had such knife, and that he stabbed the prosecuting witness, appellant himself admitting such cutting, but claiming that the injured party also had a knife and was trying to cut appellant therewith.

We do not think any error is shown.

The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that, in discussing his Bill of Exception No. 1, we did not refer to, and did not incorporate in our opinion, the further testimony of the juror, given in connection with that set out in our opinion, and which, the motion states, was as follows:

"No, he did not believe in giving the defendant a suspended sentence in this case; that he might go to Oklahoma and get into devilment and the punishment we gave him would not be added on if he did."

It is now appellant's contention that such testimony not only showed that the juror was prejudiced against the suspended sentence but that it constituted new and other evidence before the jury, during its deliberations, because same related to the effect and application of the law relative to suspension of sentence.

In addition to what we said originally, another very good reason exists why the bill of exception fails to reflect error, namely: the issue of a suspended sentence was not before the jury, nor was it the subject of consideration by it, because the jury having acquitted appellant of assault with intent to murder and having convicted him only of a misdemeanor, no authority existed for a suspension of the jail sentence imposed thereby. A suspension of sentence is authorized only upon conviction for a felony. Art. 776, C. C. P. If, as contended by appellant, the statement of the juror in the jury room showed that he was prejudiced against the law of suspended sentence, or if it showed that it related to that issue, same would not be a ground for a new trial, because it was neither pertinent nor material to any issue before the jury.

We are constrained to adhere to the conclusion reached originally that Bill of Exception No. 2, relative to discussion in the jury room as to the customs and habits of the members of the Mexican race in carrying and using knives, does not show reversible error. This bill of exception reflects that such statements were made while the jury was discussing whether the

appellant was guilty of assault with intent to murder. The jury acquitted appellant of that offense by finding him guilty of aggravated assault only. Moreover, appellant admitted that he stabbed the injured party with a knife, and claimed that he was justified in the act. There was no suggestion that the knife was used by him other than for stabbing. That appellant was a member of the Mexican race, or was of Mexican descent, is not shown by the testimony. His name suggests such fact, but this constitutes a presumption only.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.